# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE, | |
| Plaintiff, | |
| v. | Case No. _____ |
| MARSH USA INC., | |
| Defendant. | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Marsh USA Inc.,[1] through its undersigned counsel, submits this Notice of Removal to the United States District Court for the District of Massachusetts from the Superior Court of the Commonwealth of Massachusetts, Suffolk County.  Marsh states the following in support of its Notice of Removal:

1.      On October 25, 2023, Plaintiff President and Fellows of Harvard College ("Harvard"), through its counsel, filed a complaint (the "Complaint") against Marsh in the Superior Court of the Commonwealth of Massachusetts, Suffolk County, Case No. 2384CV02406-BLS1 (the "State Court Action").

2.      On November 9, 2023, Marsh's registered agent received a summons and a copy of the Complaint via process server.

3.      In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the summons, civil action cover sheet, Complaint, notice of acceptance into business litigation session, tracking

---

[1]      Marsh USA Inc. is now known as "Marsh USA LLC."  *See infra* at ¶ 10.  Marsh USA Inc. and Marsh USA LLC will be referred to collectively herein as "Marsh."

order, and order on Harvard's motion to appoint special process server are attached hereto as Exhibit A.

4.      This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because fewer than 30 days have passed since Marsh received the Complaint.

### A.      Diversity Jurisdiction Exists

5.      A district court has original jurisdiction over any action where the matter in controversy: (i) exceeds the sum or value of $75,000, exclusive of interest and costs, and (ii) is between citizens of different states.  28 U.S.C. § 1332(a).

#### i.      *The matter in controversy exceeds $75,000, exclusive of interest and costs*

6.      Harvard asserts four causes of action against Marsh.  Complaint ("Compl."), ¶¶ 80–110.

7.      Harvard alleges that Marsh is liable for certain defense costs, fees, and expenses incurred by Harvard in excess of $27.5 million, including: expenses incurred in defending against a lawsuit filed against Harvard by Students for Fair Admissions, Inc., including appeals; expenses incurred in a coverage dispute with Harvard's excess insurer Zurich American Insurance Company; and expenses incurred in a Department of Justice investigation of Harvard College's admissions practices.  Compl., ¶¶ 11–13, 42–45, 86–92, 97, 102–104.

8.      Harvard further alleges that it expects the amounts ultimately incurred by Harvard for which Marsh is allegedly liable may exceed $15 million.  Compl., ¶ 46.  Consequently, although Marsh denies liability for any damages, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

> **ii.      Diversity of citizenship exists and
> Marsh is not a citizen of Massachusetts**

9.      Harvard is a citizen of Massachusetts.  Compl., ¶ 16.

10.      Marsh USA Inc. was a Delaware corporation with a principal place of business in New York.  As of December 31, 2022, Marsh USA Inc. converted into a limited liability company known as Marsh USA LLC.  Marsh USA LLC is a single-member limited liability company with a principal place of business in New York and whose sole member is Marsh LLC.  Marsh LLC is a single-member limited liability company with a principal place of business in New York and whose sole member is Marsh & McLennan Companies, Inc. ("MMC").  MMC is a publicly held Delaware corporation with a principal place of business in New York.  Marsh USA LLC is therefore a citizen of Delaware and New York.  *See* 28 U.S.C. § 1332(c)(1); *see also Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006) ("[T]he citizenship of a limited liability company is determined by the citizenship of all of its members.").

**B.      Marsh Will File This Notice of Removal in the State Court Action and Will Serve a Copy on Harvard's Counsel**

11.      In accordance with 28 U.S.C. § 1446(d), Marsh will file a file-stamped copy of this Notice of Removal with the Superior Court of the Commonwealth of Massachusetts for Suffolk County, and Marsh will serve a file-stamped copy of this Notice of Removal on Harvard's counsel.

**C.      Venue Is Proper**

12.      Venue is proper in this Court pursuant to 28 U.S.C. § 101 because it is "the district and division embracing the place where such action is pending."  *See* 28 U.S.C. § 1441(a).

**D.      Marsh Reserves Its Rights**

13.      Marsh expressly reserves all of its rights and defenses in this action.

14.     Marsh further reserves its right to amend this Notice of Removal.

WHEREFORE, Marsh removes this action from the Superior Court of the Commonwealth of Massachusetts for Suffolk County to this Court.

Dated: December 8, 2023

Respectfully submitted,

**MARSH USA INC.,**

By its attorneys,

*/s/ Candace J. Hensley*
Jonathan I. Handler, BBO # 561475
Candace J. Hensley, BBO # 706150
DAY PITNEY LLP
One Federal Street, 29th Floor
Boston, MA 02110
Telephone: (617) 345-4600
Facsimile: (617) 345-4745
jihandler@daypitney.com
chensley@daypitney.com

## <u>CERTIFICATE OF SERVICE</u>

I, Candace J. Hensley, hereby certify that on this 8th day of December, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all counsel of record.  I further certify that I caused a true and correct copy of the foregoing to be served via email and first-class mail upon the following:

    Robert J. Gilbert
    Daniel W. Sack
    Haley P. Denler
    LATHAM & WATKINS LLP
    John Hancock Tower, 27th Floor
    200 Clarendon Street
    Boston, MA 02116
    robert.gilbert@lw.com
    daniel.sack@lw.com
    haley.denler@lw.com

    *Counsel for Plaintiff President and*
    *Fellows of Harvard College*

    */s/ Candace J. Hensley*
    Candace J. Hensley