UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br><br>MARSH USA INC.,<br><br>　　　　　Defendants. | Civil Action No.: 1:23-cv-13017-ADB |

**MARSH USA INC.'S EMERGENCY MOTION TO STRIKE PLAINTIFF'S SECOND AMENDED INTERROGATORY RESPONSES & LATE-DISCLOSED EXPERT REPORTS**

Pursuant to Fed. R. Civ. P. 26(a)(1)(iii), 26(e)(1)(A), and 37(c)(1), Defendant Marsh USA Inc.[1] ("Marsh") moves to strike the February 2, 2026 Second Amended Interrogatory Responses served by Plaintiff President and Fellows of Harvard College ("Harvard") and Harvard's late-disclosed expert reports, or at minimum the portions of Harvard's expert reports that rely upon the Second Amended Interrogatory Responses, because they are unjustifiably untimely and unfairly prejudicial to Marsh's defense in this matter.[2]

---

[1] Marsh USA Inc. is now known as "Marsh USA LLC." Marsh USA Inc. (n/k/a Marsh USA LLC) will be referred to here as "Marsh."

[2] Marsh understands that, where possible, the Court prefers parties to submit short letters when seeking Court assistance with discovery disputes. As described in this motion and detailed in Marsh's memorandum in support, however, this issue could not be addressed in a two-page letter.

-2-

As further explained in Marsh's accompanying memorandum of law, Harvard unilaterally decided, over two years after it was required to disclose its damages calculations pursuant to Rule 26, and six weeks after discovery ended, to provide amended answers to Marsh's interrogatories that advance a category of damages that *Harvard previously represented was not at issue in this litigation* in prior interrogatory responses. This late amendment increases Harvard's request for damages by ███████████████████████████████████████████████████████████████████████████████████████████—a figure Harvard has been aware of for many years. Furthermore, Harvard is attempting to use its February 2, 2026 Second Amended Interrogatory Responses to advance impermissibly new theories of its case that are largely based on documents and knowledge that Harvard likewise has possessed for years. Harvard has offered no plausible excuse for its delay in disclosing these new damages calculations and case theories, and this late disclosure has severely prejudiced Marsh's defense by preventing it from conducting any discovery on these topics. For example, Marsh has had no opportunity to seek discovery ███████████████████████████████████████████████████████████████████████████████████████████████ This clear prejudice, in addition to the undisputed fact that these amended interrogatory responses were served six weeks after close of discovery, militates in favor of striking Harvard's February 2, 2026 disclosures entirely. However, if the Court is disinclined to do so, Marsh should be allowed to conduct discovery on the issues raised in Harvard's February 2, 2026 disclosures and to amend its Answer to include a statute of limitations defense, upon which Marsh would promptly move for judgment on Harvard's remaining claims because they would be time barred.

Furthermore, the Court should strike Harvard's expert reports, which were served on February 9, 2026—ten days after the January 30, 2026 deadline set by the Court. In the alternative, the Court should strike the portions of those reports that rely on the Second Amended Responses, in particular, Harvard's claim for an additional ███████████████████████████ ████████████████████████████████████████████████████████ ███████ and its new theories of negligence liability.

Marsh seeks urgent relief under this motion and its accompanying memorandum of law because Harvard's new claims and theories in its February 2, 2026 Second Amended Interrogatory Responses fundamentally change the scope of the case and prejudice Marsh's defense under the current schedule. The parties are already well into the expert discovery period, and dispositive motions are currently due on May 1, 2026. Marsh cannot complete the Rule 30(b)(6) deposition of Harvard—which has been left open—until the Court decides whether Harvard's new damages category and new theories of liability are in or out of the case. Marsh also cannot complete the additional fact discovery under the current schedule that would be required if Harvard's February 2, 2026 Second Amended Interrogatory Responses are permitted to stand. Therefore, Marsh respectfully requests urgent resolution on this matter to prevent irreparable harm to Marsh's defense in this case.

**WHEREFORE**, Marsh respectfully requests that this Court strike Harvard's February 2, 2026 Second Amended and Supplemental Interrogatory Responses and Harvard's late-disclosed expert reports, or at minimum the portions of Harvard's expert reports that rely upon them; grant Marsh the fees and costs associated with bringing this motion pursuant to Rule 37(c)(1)(A); and any other remedy it deems equitable and just.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Marsh hereby requests oral argument on its Emergency Motion to Strike Harvard's February 2, 2026 Second Amended Interrogatory Responses and Late-Disclosed Expert Reports.

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1 & FRCP 37(a)(5)(A)(i)

I, Denise M. Paarlberg, hereby certify that on February 10, 2026 counsel for the defendant and for the plaintiff conferred in a good faith effort to narrow the issues raised by this motion but were unable to do so.

*/s/ Denise M. Paarlberg*

Denise M. Paarlberg

Dated: February 13, 2026

Respectfully submitted,

MARSH USA INC. (n/k/a MARSH USA LLC)

By its attorneys,

*/s/ Denise M. Paarlberg*

Jonathan I. Handler, BBO #561475
Denise M. Paarlberg, BBO #713970
Victoria R. Whalen, BBO #712540
DAY PITNEY LLP
One Federal Street
Boston, MA 02110
(617) 345-4600
(617) 345-4776
jhandler@daypitney.com
dpaarlberg@daypitney.com
twhalen@daypitney.com

-4-

## CERTIFICATE OF SERVICE

I, Denise M. Paarlberg, hereby certify that on February 13, 2026, a true and correct copy of the foregoing was served via electronic mail upon the attorneys of record.

*/s/ Denise M. Paarlberg*

Denise M. Paarlberg