**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>Plaintiff,<br><br>v.<br><br>MARSH USA INC.,<br><br>Defendant. | Civil Action No.: 1:23-cv-13017-ADB<br><br>**Leave to File Granted on 7/27/2026** |

**PLAINTIFF PRESIDENT AND FELLOWS OF HARVARD COLLEGE'S SUR-REPLY IN OPPOSITION TO DEFENDANT MARSH USA INC.'S MOTION FOR SUMMARY JUDGMENT**

Marsh opens its Reply by objecting that Harvard's denials of twelve of Marsh's statements of material facts do not comply with Local Rule 56.1. *See* ECF No. 145 ("Reply") at 6-7. Harvard's responses comply in letter and spirit. They are record-supported responses that explain exactly what Harvard admits, what it disputes, and why Marsh's statements of fact are incomplete or misleading. Because Marsh's request misreads Local Rule 56.1, it should be rejected.[1]

Harvard properly denied certain statements, including factual implications stemming from how Marsh framed those statements. Rules like Rule 56.1 exist "to function as a means of 'focusing a district court's attention on what is—and what is not—genuinely controverted.'" *Cabán Hernández v. Philip Morris USA, Inc.*, 486 F.3d 1, 7 (1st Cir. 2007) (quoting *Calvi v. Knox Cnty.*, 470 F.3d 422, 427 (1st Cir. 2006)). Such "anti-ferret" rules are intended to "prevent[] litigants from shifting the burden of organizing evidence to the district court." *Zimmerman v.*

[1] To be clear, none of Marsh's disputed statements presents a factual dispute that would defeat Harvard's motion for summary judgment. Marsh's Rule 56.1 statements focus on immaterial facts and procedural matters divorced from the merits of Harvard's motion.

*Puccio*, 613 F.3d 60, 63 (1st Cir. 2010). Within those bounds, a party is entitled to identify, with record support, the specific respect in which an otherwise undisputed statement is incomplete or misleading if left unqualified. *See Aulisio v. Baystate Health Sys., Inc.*, 2012 WL 3957985, at *4-5 (D. Mass. Sept. 7, 2012) (explaining that "[p]arties are afforded the opportunity to argue the nuances of particular facts and their implications in light of the relevant law" in their responses to statements of material facts, so long as they are "supported with appropriate citations to the record"). For example, Harvard wrote that Marsh's Statement No. 14—which asserted, among other things, that Harvard's complaint "does not reference the existence of a 'heightened duty' or the presence of 'special circumstances' or a 'special relationship' that may give rise to a heightened duty"—was undisputed insofar as the Complaint does not use the words "heightened duty" or "special circumstances." *See* ECF No. 131 at 7. What Harvard *did* dispute is Marsh's unsupported implication that the Complaint did not raise the special-relationship, duty-to-advise theory; the Complaint squarely does so. *See* Compl. ¶¶ 55-56, 72, 74, 83 (repeatedly invoking the duty to advise and enumerating the specific advisory obligations that Marsh allegedly breached).

Harvard's response to Marsh's Statement No. 8, as another example, similarly corrects a misleading factual implication. *See* ECF No. 131 at 4. In its statement, Marsh characterizes the Zurich notice deadline as "the deadline for *Harvard* to notice claims," but the Broker Services Agreement assigned Marsh, *not* Harvard, the responsibility to identify the applicable carriers and provide notice, a fact that Harvard's response documents with citations to the Broker Services Agreement itself and to Marsh's expert's deposition testimony. *See id.* (citing ECF No. 106-27 (MMC-00032551); ECF No. 106-17 (04/13/2026 Marchel Dep. Tr.); ECF No. 106-1 (Greene Opening Report)). Given, as these examples illustrate, that many of the Marsh statements in question seek to recast its legal arguments, it is ironic for Marsh to assert that Harvard's responses

are impermissible on that ground. But each response does exactly what Local Rule 56.1 contemplates: it corrects a characterization or implication that might otherwise mislead the Court, and it does so with citations to the record.[2]

Unsurprisingly, given the law in the First Circuit, Marsh cites no case that supports its position. Marsh cites *Rodio v. R.J. Reynolds Tobacco Co.*—its only Massachusetts case—for the truism that where a party opposing summary judgment "has failed to present supported facts that controvert the factual assertions contained in [the movant's] Local Rule 56.1 Statement, the court will deem the defendant's facts admitted." Reply at 1-2 (quoting *Rodio v. R.J. Reynolds Tobacco Co.*, 416 F. Supp. 2d 224, 227 (D. Mass. 2006)). Of course, *Rodio* also explains that, where a party opposing summary judgment "has asserted facts that are adequately supported by references to the record, the court will consider them." 416 F. Supp. 2d at 227. That is precisely what Harvard did here. In each of the twelve responses identified by Marsh, Harvard cited record evidence (*e.g.*, deposition testimony, documents, and expert reports) showing why Marsh's statements were incomplete, inaccurate, or disputed. While Marsh may disagree with Harvard's read of Marsh's statements, Rule 56.1 does not permit a party to ask the Court to disregard responses simply because the party prefers a different interpretation of the record.

Marsh also cites two inapposite out-of-circuit cases, both of which involve responses disputing the *legal* implications of a statement and, importantly, in neither case did the responding party also dispute the asserted fact. *See* Reply at 7 (citing *Tsupko v. Westlake Flooring Co., LLC*, 2025 WL 2375646, at *6 n.19 (E.D. Va. Aug. 13, 2025); *Allgood v. CNA Int'l, Inc.*, 806 F. Supp.

[2] Since the filing of Harvard's Responses to Marsh's Statement of Material Facts, Harvard identified an error and withdrew the following sentence from its response to Marsh Statement No. 19: "The final sentence in the Statement included a scrivener's error that was overlooked when the First Amended Interrogatory Responses were served." *See* ECF No. 131 at 10.

3d 742, 747 n.2 (N.D. Ill. 2025)). Because the facts themselves were not actually disputed in these instances, the court was compelled by the Rules to deem them admitted. Neither of these cases holds, as Marsh asserts, that disputing implications presented by misleading or incomplete facts is improper. Nor could they, as such disputes have been explicitly contemplated by this Court's interpretation of Rule 56.1. *See Aulisio*, 2012 WL 3957985, at *4-5 (concluding that L.R. 56.1 affords parties "the opportunity to argue the nuances of particular facts and their implications in light of the relevant law"). Harvard's responses dispute the *factual* implications of Marsh's statements, and therefore properly dispute the facts asserted.

Accordingly, the Court should decline Marsh's request to deem any of the twelve statements in Marsh's Reply Appendix admitted and should instead treat Harvard's responses as properly framing Marsh's claimed factual statements.

Dated: July 27, 2026

Respectfully submitted,

PRESIDENT AND FELLOWS OF
HARVARD COLLEGE

By its attorneys,

/s/ Michael J. Foley, Jr.
Paul Moura (*pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
paul.moura@lw.com

Daniel W. Sack (BBO# 699290)
Phebe Hong (BBO# 709275)
Michael J. Foley, Jr. (BBO# 705353)
Sonali A. Howe (BBO# 715280)
LATHAM & WATKINS LLP
John Hancock Tower, 27th Floor
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
daniel.sack@lw.com
phebe.hong@lw.com
mike.foley@lw.com
sonali.howe@lw.com

Robert J. Gilbert (BBO# 565466)
PILLSBURY WINTHROP SHAW PITTMAN LLP
10 Post Office Square, Floor 8
Boston, MA 02109
Telephone: (857) 323-5420
bob.gilbert@pillsburylaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing ("NEF"), and paper copies will be sent on July 27, 2026 to those identified as non-registered participants.

*/s/ Michael J. Foley, Jr.*
Michael J. Foley, Jr.